## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM PERRY LACEY | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 14-5067 |
| | : | |
| JERRY SANDUSKY and | : | |
| PENN STATE COLLEGE | : | |

### ORDER

**AND NOW**, this 9th day of September, 2014, it is **ORDERED** as follows:

1.     The petition to proceed *in forma pauperis* (Document No. 1) is **DENIED WITHOUT PREJUDICE**[1];

2.     If petitioner files with the Clerk within twenty (20) days from the date of this Order a notice that he wishes to proceed with this action and obligates himself to pay the $350.00 filing fee, this action will be reinstated.

/s/Timothy J. Savage
TIMOTHY J. SAVAGE,  J.

---

[1]  Because plaintiff is proceeding *in forma pauperis*, the Court must dismiss the complaint if it fails to state a claim.  28 U.S.C. § 1915(e)(2)(B)(ii).  Whether a complaint fails to state a claim under § 1915(e) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  The Court may dismiss claims based on an affirmative defense if the affirmative defense is obvious from the face of the complaint.  *See Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006); *cf. Ball v. Famiglio*, 726 F.3d 448, 459 (3d Cir. 2013).

It is apparent from the face of the complaint that this action is time-barred.  Plaintiff asserts claims against Jerry Sandusky and Penn State College, apparently pursuant to 42 U.S.C. § 1983 and state law, based on allegations that Sandusky sexually assaulted him in 1978 and 1979, when he was between 14 and 15 years old.  Pennsylvania's statute of limitations governing claims of childhood sexual abuse applies to plaintiff's claims.  *See Wallace v. Kato*, 549 U.S. 384, 387 (2007).  According to that statute, "[i]f an individual entitled to bring a civil action arising from childhood sexual abuse is under 18 years of age at the time the cause of action accrues, the individual shall have a period of 12 years after attaining 18 years of age in which to commence an action for damages regardless of whether the individual files a criminal complaint regarding the childhood sexual abuse."  42 Pa. Cons. Stat. § 5533(b)(2)(I).  Plaintiff reached the age of majority in 1982.  Consequently, he had until 1994 to bring his claims.  Because plaintiff did not file this lawsuit until 2014, twenty years after the expiration of the limitations period, his claims are time-barred.