IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM PERRY LACEY** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **No. 14-5067** |
| | : | |
| **JERRY SANDUSKY** | : | |
| **PENN STATE COLLEGE** | : | |

## MEMORANDUM OPINION

**Savage, J.**                                                                                                         **October 1, 2014**

      Plaintiff, a prisoner at the Federal Correctional Institution at Fort Worth, filed this action against Jerry Sandusky and Penn State College. He asserts claims, apparently under 42 U.S.C. § 1983 and state law, based on allegations that Sandusky sexually assaulted him in 1978 and 1979, when he was between 14 and 15 years old.

      Plaintiff also filed a motion to proceed *in forma pauperis*. In a September 9, 2014 Memorandum and Order, we informed plaintiff that if he were granted leave to proceed *in forma pauperis*, he would be obligated to pay the filing fee in installments pursuant to the Prison Litigation Reform Act even if his complaint were dismissed. At the same time, we advised him that his action was most likely barred by the statute of limitations. We gave him an opportunity to decide whether he would like to proceed with his lawsuit in light of that information. Despite this advice, plaintiff filed a notice of his intent to proceed.

      Because plaintiff has satisfied the requirements set forth in 28 U.S.C. § 1915, leave to proceed *in forma pauperis* will be granted. Accordingly, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), we must dismiss the complaint if it fails to state a claim. Claims may be dismissed based on an affirmative defense if the affirmative defense is obvious from the face of the complaint. *See Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006); *cf. Ball*

*v. Famiglio*, 726 F.3d 448, 459 (3d Cir. 2013).

It is apparent from the face of the complaint that this action is time-barred. Pennsylvania's two-year statute of limitations governing personal injury torts applies to plaintiff's claims. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007); *see also* 42 Pa. Cons. Stat. § 5524. Pennsylvania law provides for tolling until an individual reaches the age of majority. It does not allow for tolling based on insanity or imprisonment. *See* 42 Pa. Cons. Stat. § 5533(a) & (b)(1)(i).

Pertinent to this case, Pennsylvania law provides that, "[i]f an individual entitled to bring a civil action arising from childhood sexual abuse is under 18 years of age at the time the cause of action accrues, the individual shall have a period of 12 years after attaining 18 years of age in which to commence an action for damages . . . ." 42 Pa. Cons. Stat. § 5533(b)(2)(i). However, that provision is not retroactively applied. In other words, it may not be applied to revive claims that were already time-barred as of the date the provision was enacted in August 2002. *See Kach v. Hose*, 589 F.3d 626, 641 (3d Cir. 2009).

As alleged in the complaint, plaintiff reached the age of majority in 1982. Consequently, he had until 1984 to bring his claims. He did not file this lawsuit until 2014. Therefore, his claims are time-barred.

In his notice to proceed, plaintiff suggests that equitable tolling should apply because he was civilly committed until 1982, at which time he was then transferred to a state prison. He also alleges that he was beaten by his father, was incarcerated until 1988, and he lived at home with his parents until 1990 when he was again civilly committed until 1998. Even those unfortunate circumstances do not warrant tolling through 2014.

Significantly, despite plaintiff's claims that he was not competent to file lawsuits because he "had the mind of a child," he filed at least eight other lawsuits and appeals since 1999. *See, e.g.*, *Lacey v. U.S.A.*, 7th Cir. Appeal No. 09-2580 (filed June 22, 2009); *Lacey v. Iowa Bd. of Corr.*, 8th Cir. Appeal No. 00-1475 (filed Feb. 16, 2000); *Lacey v. Szoke*, S.D. Ill. Civ. A. No. 11-194 (filed Mar. 14, 2011); *Lacey v. U.S.A.*, S.D. Ill. Civ. A. No. 10-273 (filed Apr. 12, 2010); *Lacey v. United States*, S.D. Ill. 08-483 (filed July 7, 2008); *Lacey v. Vander May*, N.D. Iowa, Civ. A. No. 08-3 (filed Jan. 14, 2008); *Lacey v. Iowa Med. & Corr. Ctr.*, S.D. Iowa Civ. A. No. 99-10568 (filed Oct. 1, 1999); *Lacey v. Iowa Bd. of Corr.*, S.D. Iowa Civ. A. No. 99-90542 (filed Sept. 20, 1999).  In light of those filings, it is clear that plaintiff was capable of filing this lawsuit at least as early as 1999.  Under the circumstances, he is not entitled to tolling.  *See Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008) (explaining that a court may take judicial notice of publicly available documents in determining that a complaint should be dismissed as time-barred); *see also Washington v. Phila. Police Dep't,* 531 F. App'x 204 (3d Cir. 2013) (per curiam) (same).

The plaintiff's complaint will be dismissed as time-barred pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). He will not be given leave to amend because amendment would be futile.